In THE MATTER OF THE APPLICATION OF THE NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY, TO ACQUIRE LANDS OF JOHN N. DUDLESTON.

*Taking of land for railroad purposes — measure of damages — opinions of witnesses — they cannot express opinions as to the separate items of damages resulting to the land not taken.*

APPEAL by the petitioner from an order confirming the report of commissioners, awarding damages to the land owner in the sum of $7,000.

The amount of land taken is four and two hundred and twenty-five one-thousandth of an acre, and is a strip of land through a farm consisting of 217 acres. The proposed railroad divides the farm, leaving the house and barns and 46 acres of land on the north side and 167 acres on the opposite or south side of the railroad tracks. The farm is situated in the Mohawk Valley, in the town of German Flats, in the county of Herkimer, and near the two villages of Herkimer and Mohawk.

The court at General Term, after holding that where a part of an entire piece is taken, the land owner is entitled to the market value of the piece actually appropriated for the use of the company, and the depreciation which occurs by the location and construction of the railroad to the balance of the property; and that the plain and simple way of arriving at the damages in such a case, is for the commissioners to inquire and ascertain what is the present value of the entire piece, and what will be the market value of that which is left after the construction of the railroad, said:

"It is insisted by the learned counsel for the appellant, that the owner was permitted to give evidence as to the damages which would

arise by reason of the exposure of the buildings to fire, and the greater cost of managing and operating the farm in consequence of the construction of the railroad.

"William Houck was called as a witness by the owner, and gave his opinion as to the value of the farm, before and after the construction of the road. On his cross-examination he was examined at length, and asked to state upon what basis he estimated the value of the farm before and after the construction of the road, and he pointed out the injury the construction of the road would cause to that which remained, and the items of damage, and the inconveniences of managing and carrying on the farm.

"On his redirect examination he was asked this question: 'What are your items of the aggregate depreciation? How do you make up this $9,000 and upwards, of depreciation?' This was objected to as 'incompetent, and that the damages should be as to the market value both before and after the proposed railway; that in making up the damages, assumed and estimated additional expenses of running the farm cannot be taken into consideration.' And he answered as follows: 'I have several items. First. The loss in the quantity of production I put at sixty dollars; on account of the drainage, etc., I think sixty dollars per year. I put twelve hundred dollars on interest at five per cent to produce that amount. The driving and crossing with stock I put at fifty cents per day, amounting to one hundred and eighty-two dollars and fifty cents for one year. For all time, three thousand six hundred and fifty dollars. I find another element, the crossing and recrossing with teams to work the land on the south side. Third. I put the last item at one thousand three hundred and sixty dollars. Fourth. From fire there is some damage; I put that at sixty-two dollars per year. And for all time, twelve hundred and forty dollars.'

"The counsel for the railroad company moved to strike out all the evidence of the witness in answer to the last question, on the ground that it is immaterial, improper and incompetent, and that it usurps the province of the court; that the evidence is speculative and an estimation from beginning to end; that the evidence is as to personal damages and assumed; that there is no foundation in law or in fact for its reception. And then the counsel moved to strike out each item of the answer separately, and on the same ground. The

motion was denied and an exception taken. . The opinion of the witness should have been limited to the market value of the farm after the completion of the road, taking into consideration all the incidental injuries to the remaining lands, if any.

"If the effect of constructing the road would be to expose the buildings to fire — to make the culture and management of the farm more expensive, or any of the lands less productive — they were proper elements to be presented to the consideration of the commissioners  It was not, however, competent for the land owner to attempt to prove, separately, the amount of damages arising from each of these causes of depreciation.  The opinion of witnesses as to the separate items of damages must necessarily be uncertain, unreliable and largely speculative.  The opinion of witnesses as to the market value of property is always received as competent, when such value is the subject of inquiry; provided the article has a market value and the witness is qualified to express an opinion. To permit the land owner to prove his damages, in the mode and manner attempted by this evidence, would be a violation of the general rule of law fixing compensation for the lands condemned.

"The object and purpose of the statute is just and equitable in every respect, and should be faithfully adhered to, as affording a full and complete protection to the land owner and the corporation. By awarding to the owner the market value of the land actually taken, and adding thereto the depreciation in the market value of the lands remaining, as compared to their former market value, full and complete indemnity is secured to him.  If separate items of damage could be proved in the manner attempted, and submitted to the commissioners for their consideration, and the aggregate of damages determined therefrom, the result might be, in some instances, to award large damages to the owner, when, in fact, he has suffered none in consequence of depreciation in the market value of the land not taken.

"It not unfrequently happens, when a track of land is divided into parcels by reason of the location of a railroad, that a portion is not as accessible and the management less convenient and more expensive, yet, as a whole, the market value would not be in the least depreciated.  The statute forbids any allowance being made by the commissioners for the supposed benefits arising to the owner from

the construction of the railroad, or the use to which the lands taken are to be devoted. This provision of the statute is intended to protect owners from the dangers and hazards of uncertain and speculative opinions. The rule adopted by the courts to limit the damages which may be awarded by the commissioners to the owner for injury to the part of the land not taken, to the actual depreciation of the same in the market value, is to protect the corporation from uncertain and speculative damages, and should not be disregarded. The evidence objected to and received was not confined to a further examination by the respondent, to topics and inquiries introduced by the petitioner on cross-examination, and should be considered as evidence in chief. The circumstance that the witness had before given his opinion as to the depreciation of the land in market value, does not in any respect remove the objection. As the commissioners received this evidence over the objection of the petitioner, and denied the motion to strike the same from the record, it is to be presumed that they gave the same weight and consideration in making up the sum awarded as damages.

"The report of the commissioners should be set aside and new commissioners appointed to make another appraisal."

*C. J. Palmer*, for the railway company, petitioner, appellant.

*Joseph J. Dudleston*, for the land owner, respondent.

Opinion by BARKER, J.

Present — SMITH, P. J., HARDIN and BARKER, JJ.

Order and report set aside, with ten dollars costs and disbursements, and the proceedings sent to new commissioners to be appointed by the Special Term.